**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-60642
Summary Calendar**

_____

**LEONICE GOODLOE,**

**Plaintiff-Appellant,**

**versus**

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, et al.,**

**Defendants,**

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
3:99-CV-65-BN**
_____

September 19, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Leonice Goodloe appeals from a final judgment entered for State Farm Fire and Casualty Insurance Company in this breach of contract action involving the alleged arson fire of Goodloe's home. Finding no error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**FACTS AND PROCEDURAL HISTORY**

In May 1997, a fire destroyed Leonice Goodloe's residence in Canton, Mississippi. Goodloe submitted a proof of loss form and a claim for $78,585 to her insurance company, State Farm Fire & Casualty.

State Farm denied Goodloe's claim. For the following reasons, State Farm concluded that Goodloe had set fire to her house and had misrepresented or concealed material information regarding her claim. First, State Farm's fire scene investigator, Ed Morgan of Southeastern Fire Investigations, determined that the fire was the result of arson. Morgan considered it suspicious that there were two potential points of origin: a burner on the stove and a clothes iron, both of which were left on. But the burn pattern on the iron's cord suggested that the fire had started near Goodloe's bed, several feet from where the iron was located. Second, the Madison County fire investigator also believed that the fire had been set deliberately. Third, the timing of events suggested arson. A fire department official testified that, based on the damage done to the sheetrock, the fire must have started around 9:11 a.m. It was undisputed, however, that Goodloe left her house no earlier than 9:25, that no one else was in the house, and that Goodloe locked the door when she left. Fourth, an acquaintance of Goodloe's, Lavonne McGee, told law enforcement officials that Goodloe had approached McGee's boyfriend, an

2

electrician, and offered him $500 to start a fire that would look like an accident. When McGee and her boyfriend declined, Goodloe said that she could start a fire herself. Fifth, State Farm's investigation of Goodloe's finances suggested that Goodloe had a motive to set the fire and collect the insurance proceeds. Moreover, Goodloe failed to disclose much of this financial information requested by State Farm.

In October 1998, Goodloe filed suit in state court for breach of contract and bad faith refusal to pay a claim. State Farm asserted two affirmative defenses: first, that Goodloe had intentionally caused the fire; and second, that she had fraudulently concealed or misrepresented relevant information regarding the claim. State Farm then removed the case to federal court.

In November 1999, Goodloe designated Alvin Kirk Rosenhan as an expert witness on the cause of the fire. However, Goodloe failed to submit Rosenhan's expert witness report in a timely manner. In June 2000, the district court granted State Farm's motion in limine to exclude Rosenhan's testimony because of Goodloe's failure to comply with the discovery deadlines.

The district court also granted in part State Farm's motion for summary judgment. First, the district court determined that there was no genuine issue of material fact as to whether the fire was set intentionally (an element of State Farm's affirmative

defense of arson). Without Rosenhan's report, Goodloe had no evidence to rebut State Farm's evidence that the fire was incendiary in origin. Second, the district court granted summary judgment for State Farm on Goodloe's request for punitive damages. The court concluded that punitive damages could not be recovered under Mississippi law because State Farm unquestionably had an arguable reason for denying Goodloe's claim.

On August 16, 2000, the case proceeded to trial on the remaining contract issues. The jury returned a special verdict form, finding that State Farm had proven both of its affirmative defenses of arson and misrepresentation. The district court then entered a final judgment in favor of State Farm.

## DISCUSSION

Goodloe raises seven issues on appeal. We begin with the evidentiary issues at the summary judgment stage of the litigation. See Curtis v. M & S Petroleum, Inc., 174 F.3d 661, 667-68 (5th Cir. 1999) ("We must first review the trial court's evidentiary rulings under an abuse of discretion standard. . . . Then, with the record defined, we must review de novo the order granting summary judgment. . . .").

First, Goodloe contends that the district court erred in excluding the testimony of her expert witness, Kirk Rosenhan. We review a district court's admission or exclusion of expert testimony for an abuse of discretion. Moore v. Ashland Chemical

4

<u>Inc.</u>, 151 F.3d 269, 274 (5th Cir. 1998)(en banc).  The district court ruled that Rosenhan's testimony would be excluded pursuant to Rule 26 and Local Rule 26.1 because Goodloe had failed to submit Rosenhan's expert witness report and other required information prior to the discovery deadlines.  Goodloe admits that she failed to present Rosenhan's report in a timely manner, but she emphasizes that the report was late due to circumstances beyond her control.  In her response to State Farm's motion in limine, Goodloe summarily asserted that Rosenhan's services were in demand and that he was busy teaching at Mississippi State University.  As the district court pointed out, however, Goodloe did not explain in detail why the report had not been submitted, nor had she asked the court for an extension.  Therefore, the district court concluded that Goodloe had not provided substantial justification for her discovery violation.  The district court also concluded that State Farm would be prejudiced by allowing Rosenhan to testify because the trial date was quickly approaching.  Considering all these facts, we cannot say that the district court abused its discretion in excluding Rosenhan's expert testimony.

Second, Goodloe contends that the district court abused its discretion in admitting the expert witness report of State Farm's expert during the summary judgment stage of the litigation.  Goodloe argues on appeal that Ed Morgan should not have been considered an expert in the field of fire origin investigations

5

because State Farm had failed to submit Morgan's curriculum vitae and other basic information.  However, Goodloe did not question Morgan's qualifications during the summary judgment stage.[1]  "It is a well settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.  If it does not do so, and loses the motion, it cannot raise such reasons on appeal."  Liberles v. County of Cook, 709 F.2d 1122, 1126 (7th Cir. 1983), quoted in Savers Fed. Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989).  Goodloe's belated attack on Morgan's qualifications is thus without merit.

Third, Goodloe contends that the district court erred in concluding that there was no genuine issue of material fact as to whether the fire was set intentionally.  We review de novo the court's partial grant of summary judgment based on the evidence properly before the district court at the time it ruled on the motion.  Munoz v. Orr, 200 F.3d 291, 300 (5th Cir. 2000).  State Farm supported its summary judgment motion with an affidavit from the county fire investigator, Morgan's detailed investigation report, and other material -- all of which indicated that the fire was incendiary in origin.  Goodloe countered with the affidavit of

---

[1]On the first day of trial, Goodloe filed a motion in limine to exclude Morgan's testimony on the grounds that he had not been properly qualified as an expert.  However, this motion in limine is irrelevant here because Morgan was never called to testify at trial.

Kirk Rosenhan, her designated expert. But when Rosenhan's testimony was excluded, Goodloe had no evidence to rebut State Farm's evidence that the fire had been set intentionally. Consequently, the district court did not err in granting partial summary judgment for State Farm on this issue.

Fourth, Goodloe contends that the district court erred in accepting State Farm's evidence that the fire was incendiary. The basis of this argument is unclear, but Goodloe asserts repeatedly that State Farm's investigation was "shabby" and "a sham" and that Morgan's report is unworthy of credence. However, we find no error in the district court's consideration of Morgan's fire investigation report.

Fifth, Goodloe contends that the district court erred in granting partial summary judgment on the issue of punitive damages. Under Mississippi law, punitive damages are not available where an insurance company has a legitimate or arguable reason for refusing to pay a claim. See Life & Cas. Ins. Co. of Tenn. v. Bristow, 529 So.2d 620, 622 (Miss. 1988). In this case, the record indicates that State Farm had several arguable reasons for denying the claim, including the county fire investigator's opinion that the fire was set intentionally, Morgan's fire investigation report, the evidence that Goodloe concealed or misrepresented relevant financial information, and McGee's accusation that Goodloe was interested in setting fire to her own house. Given these arguable reasons for

7

denying the claim, Goodloe's contention that her request for punitive damages should have been submitted to the jury is without merit.

Sixth, Goodloe contends that the district court erred in refusing her jury instruction on the calculation of damages. Because the jury found that State Farm had proved its affirmative defenses, the jury did not reach the question of damages, and we have no reason to consider this issue on appeal.

Seventh, Goodloe argues that State Farm presented insufficient evidence to support the jury's finding that Goodloe had concealed or misrepresented material information. However, State Farm was entitled to judgment if the jury found that it had proved *either* of its affirmative defenses -- arson and misrepresentation. Because Goodloe has not called into question the jury's finding of arson, we need not address the sufficiency of evidence with respect to the defense of misrepresentation.

## CONCLUSION

The district court committed no reversible error either in its evidentiary rulings or in its partial grant of summary judgment for State Farm. The judgment for State Farm is therefore

A F F I R M E D .

8